**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.

JULISSA MALDONADO,

    Plaintiff,

v.

ER SOLUTIONS, INC.,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, JULISSA MALDONADO ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach, and City of Boca Raton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, ER SOLUTIONS, INC. ("Defendant"), is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. In connection with collection of an alleged debt in default, Defendant sent Plaintiff initial written communication, dated July 22, 2011, attempting to collect on a T-Mobile account ending 9781. (See copy of letter dated July 22, 2011, attached hereto as Exhibit "A").

14. Defendant placed a telephone call to Plaintiff's cellular telephone on August 22, 2011, and at such time, demanded payment of T-Mobile account ending 9781.

15. During the conversation on August 22, 2011, Plaintiff requested validation of the debt and demanded Defendant stop all telephonic communication.

16. Despite Plaintiff's demand to cease all telephonic communication, Defendant placed non-emergency calls to Plaintiff's cellular telephone, including but not limited to, the following:

September 22, 2011 at 6:40 P.M.

September 23, 2011 at 12:00 P.M. x2

September 23, 2011 at 1:00 P.M.

September 23, 2011 at 1:51 P.M.

September 26, 2011 at 11:57 P.M.

September 28, 2011 at 10:52 P.M.

September 28, 2011 at 10:54 P.M.

September 28, 2011 at 10:56 P.M.

September 28, 2011 at 11:11 A.M.

September 28, 2011 at 11:13 A.M.

September 28, 2011 at 3:55 P.M.

September 28, 2011 at 6:46 P.M.

September 28, 2011 at 8:26 P.M.

September 29, 2011 at 5:03 P.M.

September 30, 2011 at 2:55 P.M.

October 10, 2011 at 11:20 A.M.

October 13, 2011 at 10:31 A.M.

October 15, 2011 at 1:15 P.M.

17. During a September 23, 2011 conversation with Defendant, Plaintiff again verbally demanded Defendant cease all telephonic communications and demanded validation of the alleged debt.

18. Thereafter, during a September 28, 2011 conversation with Defendant, Plaintiff again verbally demanded Defendant cease all telephonic communications and demanded validation of the alleged debt.

19. Plaintiff sent Defendant written communication dated October 17, 2011, in which Plaintiff disputed the alleged debt and demanded that Defendant cease all telephonic communication. (See copy of Plaintiff's letter to Defendant dated October 17, 2011, attached hereto as Exhibit "B")

20. Defendant willfully and knowingly placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the nineteen (19) above-referenced calls.

## COUNT I
## VIOLATIONS OF SECTION 1692d(5) OF THE FDCPA
## AGAINST DEFENDANT

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

22. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF SECTION 559.72(7) OF THE FCCPA
## AGAINST DEFENDANT

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

24. Defendant violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully communicating with a debtor with such frequency as would reasonably be expected to harass the debtor, or such other conduct reasonably expected to abuse or harass the debtor.

25. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff respectfully prays for judgment, as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

   c) Statutory damages of $1,000.00;

   d) Plaintiff's attorneys' fees and costs;

   e) Any other relief deemed appropriate by this Honorable Court.

## COUNT III
## VIOLATIONS OF SECTION 227(b)(1)(A)(iii) OF THE TCPA
## AGAINST DEFENDANT

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

27. Defendant violated 47 U.S.C § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

   b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

   c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

   d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

   e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 17th day of January, 2012.

    Respectfully submitted,
    **JULISSA MALDONADO**

    By: s/ Alex D. Weisberg
    ALEX D. WEISBERG
    FBN: 0566551
    WEISBERG & MEYERS, LLC
    ATTORNEYS FOR PLAINTIFF
    5722 S. Flamingo Rd, Ste. 656
    Cooper City, FL 33330
    (954) 212-2184
    (866) 577-0963 fax
    aweisberg@attorneysforconsumers.com